Filed 9/30/13  In re D.W. CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.W.,<br><br>        Defendant and Appellant. | A138467<br><br>(Contra Costa County<br>Super. Ct. No. J10-00763) |

Appellant D.W. appeals from a final judgment disposing of all issues between the parties.  Appellant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel included a declaration stating she has notified appellant that no issues were being raised by counsel on appeal and that an independent review under *Wende* instead was being requested.  Counsel also advised appellant of his right personally to file a supplemental brief raising any issues chosen to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

A petition was filed by the Contra Costa County District Attorney seeking to have appellant adjudged a ward of the court (Welf. & Inst. Code, § 602, subd. (a)), and alleged one count of battery on a school employee (Pen. Code, § 243.6), one count of making a

criminal threat on a school employee (Pen. Code, § 71) and one count of making a criminal threat (Pen. Code, § 422). Appellant was ordered to be detained.

On September 13, 2010, appellant admitted the misdemeanor charge of battery on a school employee, and the other charges were dismissed. He was later adjudged a ward of the court, and ordered to remain in juvenile hall pending placement. He was subsequently accepted into the Charis Youth Center, however, he violated his probation at Charis and was ordered back to juvenile hall pending a new placement.

Thereafter, appellant was placed in the Willow Creek Group Home, but it was alleged that he violated his probation again when he was at Willow Creek. The court sustained the violation on May 11, 2011, continued his detention in juvenile hall, and set the matter for a dispositional hearing on May 25, 2011. At the May 25 hearing, the court placed D.W. on formal probation for six months, released him to his parents, and required that he comply with standard conditions of probation.

On July 29, 2011, the Stanislaus County District Attorney filed a subsequent Welfare and Institutions Code section 602 petition, alleging one count of auto theft (Veh. Code, § 10851, subd. (a)), and one count of driving without a license (Veh. Code, § 12500, subd. (a)). D.W. was transferred to Contra Costa County, and on August 17, 2011, the court issued a dispositional order placing D.W. on deferred entry of judgment (DEJ) for a minimum of 12 and a maximum of 36 months. He was placed in Mill House Group Home on August 26, 2011.

D.W. left Mill House without permission on April 30, 2012, and was subsequently arrested. After his arrest, he was placed in Anchor Group Home on June 6, 2012, but left the following day without permission. On August 24, 2012, the court terminated DEJ, based on D.W.'s history of absconding. During a dispositional hearing on September 5, 2012, the court ordered that D.W. be detained in juvenile hall pending his delivery to placement. D.W. was placed in Aldea Home on October 26, 2012.

On November 5, 2012, the probation department filed a Welfare and Institutions Code section 777 probation violation notice, alleging that D.W. had absconded from Aldea on October 31, 2012. D.W. admitted the probation violation on January 22, 2013,

and the court ordered probation to screen D.W. for the Youth Offender Treatment Program (YOTP). On February 21, 2013, the court ordered mental health and medication assessments for D.W.

At the dispositional hearing on April 3, 2013, defense counsel urged the court not to commit D.W. to YOTP, and instead recommended that the court place him in the Courage to Change program, where he was likely to improve his behavior. She argued that it had been two years since D.W. had been convicted of violating Vehicle Code section 10851, and since he was not a public safety risk, the more restrictive YOTP commitment was unjustified. Further, D.W.'s behavior had improved in juvenile hall, and he wanted to show the court that he was committed to making different choices. Moreover, YOTP was not a good choice for D.W. because it was intended for youths who had committed much more serious offenses than auto theft.

The court then ordered D.W. placed in YOTP, with a review to occur in one year. The court adopted the probation officer's calculations of D.W.'s aggregate custody time as credit for time already spent in custody, and ordered D.W. committed. The court ordered D.W. committed for a period not to exceed two years, 244 days, or until age 21, whichever occurred first.

The notice of appeal from the April 3, 2013 placement order was timely filed on April 22, 2013.[1]

We have reviewed the entire record, including the transcripts of the various juvenile court hearings held in connection with this case, and have concluded that all of the court's findings were supported by the evidence. There was no error in the disposition, as it was fully supported factually, and was chosen by the trial judge in accordance with applicable juvenile law principles. Appellant was represented by

---

[1] After the notice of appeal was filed, D.W.'s appellate counsel contacted the juvenile court judge and requested an order correcting D.W.'s remaining custody time. The court issued a new order on July 29, 2013, stating that D.W. had one year, seven months, 29 days of custody time remaining, as of July 29, 2013, for a total of 604 days.

counsel throughout the proceedings, and we have concluded there are no meritorious issues to be argued or that require further briefing on appeal.

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.